**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Civil Case Number: _____

| | |
|---|---|
| Jorge Flores, | : |
| Plaintiff, | : |
| vs. | : |
| Genesis Credit Management, LLC, | : |
| Defendant. | : |

**COMPLAINT**

For this Complaint, the Plaintiff, Jorge Flores, by undersigned counsel, states as follows:

**JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA") in its illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

4. The Plaintiff, Jorge Flores ("Plaintiff"), is an adult individual residing in Miami, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and 559.55(2).

5. The Defendant, Genesis Credit Management, LLC ("Genesis"), is a Washington business entity with an address of PO Box 3630, Everett, Washington 98213, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "creditor" as defined in 559.55(3).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

6. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Genesis for collection, or Genesis was employed by the Creditor to collect the Debt.

9. Genesis attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Genesis Engaged in Harassment and Abusive Tactics**

10. Beginning on or around the week of September 7, 2020, Genesis contacted Plaintiff in an attempt to collect the Debt.

11. In its initial conversation with Plaintiff, Genesis stated that Plaintiff would have to pay $10,000.00 within the next two hours, or it would report the Debt to Plaintiff's and Plaintiff's brother's credit report.

12. Genesis threatened credit reporting if an immediate payment was not made in an effort to intimidate Plaintiff and coerce Plaintiff into paying the Debt.

13. In addition, Genesis failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff, as required by law.

C. **Plaintiff Suffered Actual Damages**

14. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

15. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

16. The Plaintiff incorporates by reference Paragraphs 1 through 12 of this Complaint as though fully stated herein.

17. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

18. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

19. The Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take action that could not legally be taken or that was not intended to be taken.

20. The Defendant's conduct violated 15 U.S.C. § 1692e(8) in that Defendant threatened to communicate false credit information.

21. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

23. The Defendant's conduct violated 15 U.S.C. § 1692g(a) in that Defendant failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

24. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT, FLA. STAT. §§ 559.55-559.785

26. The Plaintiff incorporates by reference Paragraphs 1 through 12 of this Complaint as though fully stated herein.

27. The Defendant told a debtor who disputes a consumer debt that she or he or any person employing her or him would disclose to another, orally or in writing, directly or indirectly, information affecting the debtor's reputation for credit worthiness without also informing the debtor that the existence of the dispute will also be disclosed as required by subsection, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(3).

28. The Defendant willfully communicated with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engaged in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(7).

29. The Defendant claimed, attempted, or threatened to enforce a debt when such person knew that the debt was not legitimate or asserted the existence of some other legal right when such person knew that the right did not exist, in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72(9).

30. The Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Fla. Stat.§ 559.77;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and Fla. Stat.§ 559.77;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77;

4. Punitive damages pursuant to Fla. Stat. § 559.77; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 4, 2020

                                      Respectfully submitted,

By    */s/ Matthew Fornaro*

        Matthew Fornaro, Esq.
        Florida Bar No. 0650641
        11555 Heron Bay Boulevard, Suite 200
        Coral Springs, FL 33076
        Telephone: (954) 324-3651
        Facsimile: (954) 248-2099
        E-mail: mfornaro@fornarolegal.com